Case 3:26-cv-00843-NBF    Document 9    Filed 05/12/26    Page 1 of 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| VICTOR LEONARDO CORTEZ HERNANDEZ, | ) ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil A. No. 3:26-843 |
| | ) | Judge Nora Barry Fischer |
| LEONARD ODDO, et al., | ) | |
| Respondents. | ) | |

**<u>MEMORANDUM ORDER</u>**

Presently before the Court are Petitioner's Emergency Petition for Writ of Habeas Corpus and Complaint for Injunctive and Declaratory Relief, (Docket No. 1), and the Respondents' Response to Petition for Writ of Habeas Corpus, (Docket No. 8). Petitioner, a citizen of El Salvador, is currently detained at Moshannon Valley Processing Center. (Docket No. 1-1). He entered the United States on or about May 10, 2019, after making illegal entry, has been living in the interior of the United States since that time and has no criminal history. (Docket No. 1 at 4, 6). Petitioner was recently arrested on April 29, 2026, placed in removal proceedings as an alien present in the United States who has not been admitted or paroled, and the immigration docket reflects that he has a Master Hearing scheduled for May 21, 2026. (Docket Nos. 1 at 3; 1-1).

Petitioner asserts that he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under § 1225(b)(2) and, therefore, is entitled to a bond hearing. (Docket No. 1 at Count I). In opposition, Respondents admit that this is a *Hurtado* case where Petitioner was arrested in the interior of the United States without being admitted and that he is being held in mandatory detention pursuant to § 1225(b)(2). (Docket No. 8). Despite acknowledging the prior decisions of Judges on this Court, the Government reaffirms its position that mandatory detention applies and advocates that the Court should follow the decisions in *Avila*

- 1 -

*v. Bondi*, 2026 WL 819258 (8th Cir. 2026) and *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).  (Docket No. 8).  Having considered the parties' positions, and for the reasons set forth in this Court's recent decision of *F.B. v. LEONARD ODDO, et al.*, Civ. A. No. 3:26-CV-717, 2026 WL 1265352, at *2 (W.D. Pa. May 8, 2026) (Fischer, S.J.), wherein this Court noted the lack of binding authority from the U.S. Court of Appeals for the Third Circuit and affirmatively joined the majority of Courts holding that individuals like Petitioner are not subject to mandatory detention under § 1225(b)(2),[1] and such decision now finds further support in the subsequently issued opinion by the U.S. Court of Appeals for the Sixth Circuit in *Lopez-Campos, et al. v. Kevin Raycraft, Immigr. & Customs Enf't, Acting Dir. of Detroit Field Off., Enf't & Removal Operations*, et al., Appeal No. 25-1965, 2026 WL 1283891, at *11 (6th Cir. May 11, 2026), the Court holds that Petitioner's detention is governed by § 1226(a) and he has a statutory right to an individualized bond hearing.  Hence, the Court will order Respondents to conduct a bond hearing pursuant to the directives below.

AND NOW, this 12th day of May, 2026,

IT IS HEREBY ORDERED that Petitioner's Emergency Petition for Writ of Habeas Corpus and Complaint for Injunctive and Declaratory Relief [1] is GRANTED, IN PART and DENIED, IN PART.  Said Petition is granted to the extent that Petitioner seeks an individualized bond hearing under Count I;

---

[1]    *See e.g., Hernandez Alvarez v. Warden, Fed. Detention Center, Miami*, 2026 WL 1243395 (11th Cir. May 6, 2026); *Cunha v. Freden*, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Castañon-Nava v. U.S. Dep't of Homeland Sec. ("Castañon-Nava II")*, 2026 WL 1223250 (7th Cir. May 5, 2026); *Cifuentes Alvarez v. Noem*, 2026 WL 545382 (W.D. Pa. Feb. 26, 2026) (Ranjan, J.); *Calzado Diaz v. Noem*, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025) (Haines, J.).

IT IS FURTHER ORDERED that within ten (10) days of this Order, Petitioner must receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226;

IT IS FURTHER ORDERED that within seven (7) days thereafter, the parties shall provide notice to the Court of the outcome of the bond hearing;

IT IS FURTHER ORDERED that the Petition is DENIED to the extent it requests any additional relief beyond a bond hearing in Count I and his claims at Counts II, III and IV are DENIED; and,

An appropriate Judgment follows.

BY THE COURT:

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

cc/ecf: counsel of record