**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

VICTOR LEONARDO CORTEZ )
HERNANDEZ, )
          Petitioner, )
 )
 )
      v. )    Civil A. No. 3:26-843
 )    Judge Nora Barry Fischer
LEONARD ODDO, et al., )
          Respondents. )

**<u>MEMORANDUM ORDER</u>**

Petitioner, a citizen of El Salvador, is currently detained at Moshannon Valley Processing Center and initiated this § 2241 habeas proceeding on May 7, 2026. (Docket No. 1-1). After receiving briefing from the parties, on May 12, 2026, this Court issued a Memorandum Order and Judgment granting Petitioner's § 2241 habeas petition, in part, finding that he is not subject to mandatory detention under § 1225(b) and directing Respondents to provide him with an individualized bond hearing before a neutral immigration judge pursuant to § 1226(a). (Docket Nos. 9; 10). A bond hearing was held on May 15, 2026 at which time the IJ determined that Petitioner was a flight risk and denied his request for release on bond. (Docket No. 11-3). Petitioner reserved the right to appeal the decision denying bond to the Board of Immigration Appeals and any appeal is due by June 15, 2026. (*Id*. at 2).

Presently before the Court are Petitioner's Motion to Enforce Court Order and Incorporated Memorandum of Law, (Docket No. 11), the Response filed by Respondents, (Docket No. 14), and Petitioner's Reply, (Docket No. 16). The parties have also provided the Court with the transcript of the bond hearing and the exhibits presented to the IJ at the hearing. (Docket Nos. 11-1:11-3; 14-1). Petitioner claims that the bond hearing he received did not comport with due process, that the IJ committed numerous errors in reaching the decision that he is a flight risk and requests an

- 1 -

order releasing him from detention.  (Docket Nos. 11; 16).  Respondents maintain that Petitioner failed to exhaust administrative remedies by filing an appeal of the bond decision to the Board of Immigration Appeals and that the record otherwise demonstrates that he was afforded sufficient due process at the bond hearing.  (Docket No. 14).  After careful consideration of the parties' positions and for the following reasons, Petitioner's Motion [11] is denied.

At the outset, the Court's jurisdiction over Petitioner's Motion is limited.  To that end, as noted in *Rodriguez v. Bondi et al.*, Civ. A. No. 3:26-cv-285, 2026 WL 1378874, at *1 (W.D. Pa. May 18, 2026) (Ranjan, J.),

> Federal courts "lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision," and may only "review whether the bond hearing was fundamentally fair." *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); *see also Quinteros v. Warden Pike Cnty. Corr. Facility*, 784 F. App'x 75, 78 (3d Cir. 2019) ("Because we lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision, we are limited to reviewing only those [ ] challenges that pertain to the adequacy of process [appellant] received at his bond hearing.").
>
> A Section 1226 bond hearing is fundamentally fair when three essential elements are present: (1) factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) the detainee must be allowed to make arguments on his or her behalf; and (3) the IJ makes an individualized determination of the detainee's interests. *Ghanem*, 2022 WL 574624 at *2; *see also Quinteros*, 784 F. App'x at 78.

*Rodriguez*, 2026 WL 1378874, at *1 (W.D. Pa. May 18, 2026).  Ultimately, however, "[t]his Court lacks jurisdiction to re-weigh the IJ's determination on the merits." *Id*. (citing *Ghanem*, 2022 WL 574624, at *2 ("A motion to enforce a judgment is not the proper avenue to relitigate the merits of a bond order.")).

The Court need not resolve Respondents' position that Petitioner failed to exhaust administrative remedies as the Court has reviewed the record and determined that the bond hearing

afforded to Petitioner provided sufficient due process under the standards articulated above. *Ghanem*, 2022 WL 574624 at *2. In this regard, although Petitioner challenges the weight the IJ provided to certain facts, he does not meaningfully contest that the first two factors were met. (*See* Docket Nos. 11; 16). Indeed, the record reveals that Petitioner's counsel submitted a motion to the IJ seeking his release on bond in advance of the proceeding, Petitioner, his counsel and a translator were present at the hearing, and Petitioner's counsel presented evidence on his behalf including numerous letters in support and made arguments in favor of his release at the hearing. (Docket Nos. 11-1:11-3). Counsel for DHS was also present and made arguments on behalf of the agency. (Docket No. 11-1). The IJ made findings on the record supporting the determination that Petitioner is a flight risk based on the evidence presented, including the I-213 form detailing the circumstances of Petitioner's arrest. (Docket No. 11-1 at 2).

It is this Court's opinion that the record further shows that the third factor was met as the IJ made an individualized determination that Petitioner is a flight risk based on the totality of the evidence. To that end, the IJ found, among other things, that he "was born overseas, raised overseas, entered the United States in 2019," "lived in the US without inspection for seven years," and did not have a "probable path" to relief from removal under the immigration laws. (*Id*.). The IJ recognized the "human aspect of this case" and commented that he was "sympathetic" to Petitioner as his sister is a U.S. citizen but found that she was born and raised here while he did not have a fixed address and they were not particularly close. (*Id*. at 2 ("[S]he's only known him for three years according to her letter. […] even though it is an immediate, relative with [legal immigration] status, it's not the sort of relationship one would expect that would mitigate flight risk.")). The IJ also concluded that the other character letters from his supporters were too

generalized and did not get into details about his life and that the evidence from his supporters collectively did not mitigate the risk of flight. (*Id.*).

While Petitioner objects to certain of the IJ's findings, including the length of time that he knew his sister, whether he had a fixed address or not, and if he had a probable path to relief from removal, Respondents point out that other facts presented at the hearing supported those conclusions. (*See* Docket No. 14). For example, Respondents note that the I-213 form indicated that Petitioner was from Maryland and arrested at a jobsite in York, Pennsylvania, from which a number of others fled when agents approached; Petitioner was uncooperative and refused to provide his country of origin and that of his parents to the arresting agents; and was in possession of his brother's identification card at the time of his arrest. (*Id.* at 3-4). Petitioner had also lived in the U.S. without inspection throughout the seven years that he was present here such that he did not have a fixed address in DHS records. In any event, it is not this Court's role to re-weigh such evidence and determine if Petitioner is a flight risk or not in the first instance. *Ghanem*, 2022 WL 574624, at *2 ("A motion to enforce a judgment is not the proper avenue to relitigate the merits of a bond order.")). Rather, Petitioner is free to make those arguments to the Board of Immigration Appeals should he choose to pursue an appeal.

Having carefully considered the matter, the Court holds that an individualized bond hearing was conducted consistent with the relevant standards articulated above. *See Ghanem*, 2022 WL 574624 at *2; *see also Quinteros*, 784 F. App'x at 78. As the Court believes that Petitioner was provided with sufficient due process, his motion to enforce the bond hearing is denied. *See id.*

For all of these reasons,

IT IS HEREBY ORDERED that Petitioner's Motion [11] is DENIED.

*s/Nora Barry Fischer*
Nora Barry Fischer, Senior U.S. District Judge

- 5 -

Dated:  June 5, 2026

cc/ecf: counsel of record